**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| CONTRACTOR'S EQUIPMENT CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BMO HARRIS EQUIPMENT FINANCE ) <br> COMPANY f/k/a M&I EQUIPMENT ) <br> FINANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 12-2055-JWL |

**MEMORANDUM AND ORDER**

Plaintiff Contractor's Equipment Co. ("CEC") filed a petition[1] in the District Court of Cherokee County, Kansas, alleging two counts against BMO Harris Equipment Finance Company, formerly known as M&I Equipment Finance Company ("BMO"): (1) conversion of $29,000, and (2) refusal to honor an agreed upon line of credit, resulting in monetary damages "in an amount less than $75,000" (Pet. 3-4). Alleging diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and 1441, the defendant removed the suit to this federal court (docs. 1, 3). This matter comes before the court on plaintiff's motions to remand this matter to state court (doc. 8)

---

[1] Because Contractor's Equipment Co.'s suit originally was filed in Kansas state court, it filed a petition, stating its claims, which is the equivalent of a complaint in federal court.

and to amend its petition (doc. 9).

For the reasons set forth below, plaintiff's motion to remand is granted and plaintiff's motion to amend its petition is denied as moot.

**1. Standard**

A party may remove a case to federal district court if the federal court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The court must remand a case back to state court, however, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, there is a presumption against exercising removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In line with this, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Any doubts must be resolved in favor of remand. *Archuleta*, 131 F.3d at 1359; *Laughlin*, 50 F.3d at 873.

**2. Application**

Because the plaintiff's claims allege only violations of state law and no federal

question is at issue, removal here must be based upon diversity jurisdiction. 28 U.S.C. § 1332(a). Pursuant to § 1332, this court "shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *Id.* In addition, "complete diversity" is required such that "diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina P'ship v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

In applying § 1332 to this case, the plaintiff CEC is deemed a Kansas citizen, and defendant BMO is deemed a Wisconsin citizen. The citizenship of the parties is undisputed; indeed, the only issue regarding this court's diversity jurisdiction is the amount in controversy.

### A. *Amount in Controversy*

The party invoking federal court jurisdiction bears the burden of proving that all of the requirements for diversity jurisdiction are satisfied. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. If the complaint does not demand a specific amount of recovery, the defendant must affirmatively establish jurisdiction by proving, by the preponderance of evidence, jurisdictional facts to show the case may involve more than $75,000. *McPhail*, 529 F.3d at 955.

Here, the original petition filed by plaintiff in state court sought judgment for

conversion of $29,000 and damages in an amount less than $75,000 (Pet. 4). Thus, the original petition does not demand a specific amount of recovery greater than $75,000.

Turning to defendant's notice of removal, BMO offers two arguments in support of its contention that the amount in controversy threshold is met for diversity jurisdiction. First, BMO argues that plaintiff's failure to comply with Kansas's pleading requirements renders the jurisdictional threshold met. BMO states:

> Kansas Rules of Civil Procedure require that if the Plaintiff is seeking damages in a sum of $75,000 or less, plaintiff "must specify the amount sought as damages." K.S.A. 60-208(a)(2). If, however, Plaintiff is seeking damages in excess of $75,000, plaintiff should not state a specific dollar amount. K.S.A. 60-208(a)(2). Given the Kansas pleading requirements for damages, Plaintiff's statement that it seeks damages of "less than $75,000 supports a conclusion that the damages sought are in fact $75,000.[2]

Defendant cites no authority, and the court found none, supporting such an interpretation of Kansas's pleading requirements. As such, BMO's first argument fails to satisfy diversity jurisdiction.

Second, citing *Watson v. Blankinship*, 20 F.3d 383 (10th Cir. 1994), BMO contends that the amount in controversy threshold is met because plaintiff intends to seek

---

[2] The court is uncertain whether defendant intended to quote authority for its contention that "less than $75,000 supports a conclusion that the damages sought are in fact $75,000," as defendant included only one set of quotation marks.

4

punitive damages.[3] In *Watson*, plaintiffs brought suit in federal court, claiming actual and punitive damages, and defendant challenged federal jurisdiction. Defendant argued that plaintiffs sought punitive damages in bad faith, and, as such, did not meet the amount in controversy. *Id.* at 386. The Tenth Circuit found the district court correctly determined that plaintiffs had a good faith belief that they were entitled to punitive damages at the time the pleadings were filed, and, thus, the district court properly exercised diversity jurisdiction. *Id.* at 388.

*Watson* is distinguishable from the case here on a number of grounds. *Watson* does not address circumstances where the defendant removes a case to federal court, and, as such, does not address circumstances where the defendant carries the burden of satisfying diversity jurisdiction. More importantly, whereas in *Watson* the plaintiffs actually filed a claim of punitive damages, here, defendant BMO offers only speculation that plaintiff CEC will seek to amend its pleading to include a claim for punitive damages. Finally, *Watson* is distinguishable because the jurisdictional requirement was met based on information provided in the plaintiffs' pleading. Here, as stated above, plaintiff's petition does not demand a specific amount of recovery greater than $75,000.

While defendant correctly asserts that the court may consider punitive damages

---

[3] Under Kansas law, no tort claim for punitive damages is allowed in a petition unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. *See* Kan. Stat. Ann. 60-3701. At this time, plaintiff CEC has not sought an order allowing a claim for punitive damages. Defendant BMO, however, has provided the court with a copy of correspondence in which plaintiff CEC states punitive damages are allowable in this matter (doc. 3, attach. 2).

5

in determining the amount in controversy, plaintiff CEC has not advanced a claim for punitive damages.  It would be improper for the court assert jurisdiction based on speculation that BMO *might* seek punitive damages.

As the party asserting federal jurisdiction, BMO bears the burden of proof.  This burden requires  defendant to affirmatively establish the satisfaction of the threshold amount in controversy.  BMO has failed to satisfy this burden.  As such, the Court lacks subject matter jurisdiction and must remand the case to state court.

### *B. Motion to Remand and Amend the Petition*

Plaintiff CEC seeks to amend its petition by withdrawing its second cause of action (doc. 9) and seeks to remand this matter to state court (doc. 8).  As the court concludes that it lacks subject matter jurisdiction in this matter, plaintiff's motion to remand (doc. 8) is granted.  Plaintiff's motion to amend petition (doc. 9) is denied as moot and may be taken up in state court.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion to remand for lack of subject matter jurisdiction (doc. 8) is granted.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's motion to amend petition (doc. 9) is denied as moot.

**IT IS SO ORDERED** this 27th day of April, 2012.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge